UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIA HUNT | NUMBER: _____ |
| VERSUS | JUDGE _____ |
| DESOTO PARISH SHERIFF JAYSON RICHARDSON AND DESOTO PARISH DEPUTY JOSEPH PROCELL | MAGISTRATE JUDGE_____ |

## COMPLAINT

**I.  JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, including the Due Process Clause, pursuant to Louisiana Constitution article 1, §§ 2, 20, and Louisiana Civil Code article 2315.

2. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 and the aforementioned federal statutory and constitutional provisions.

3. Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law.

**II.  PARTY PLAINTIFF**

4. Julia Hunt is a person of the full age of majority and a resident of Panola County, State of Texas.

### III. PARTY DEFENDANTS

5. Defendant Jayson Richardson, DeSoto Parish Sheriff, and the DeSoto Parish Sheriff's Office (hereafter "DPSO"), at all relevant times, were the employers of defendant, Joseph Procell.

6. Accordingly, Richardson and the DPSO are liable directly and vicariously for the actions complained of herein.

7. Defendant Richardson, a person of the full age of majority, is a resident of the Western District of Louisiana, and, during all relevant times herein, Richardson was the duly elected Sheriff of DeSoto Parish, had authority over the DPSO, its policies, procedures, customs, practices, and operations, specifically those dealing with the treatment and handling of arrestees and was a final policy maker for the DPSO, and was responsible for hiring, training, supervising, and disciplining defendant, Procell; and at all relevant times herein, defendant Procell was acting under color of law and in the course and scope of his employment.

8. Defendant, Procell, is a person of the full age of majority, and on information and belief, a resident of the Western District of Louisiana, and, at all relevant times, was employed by the DPSO and was acting under the color of law and in the course and scope of his employment.

9. References to "defendant" or "defendants" herein shall mean one or more of the individuals and entities described in paragraphs 5 through 8, above. Plaintiff sues

the individual defendants in paragraphs 5 through 8 in their individual and official capacities.

IV. **STATEMENT OF FACTS**

10. On or about June 1, 2019, while on duty, Desoto Parish Deputy Joseph Procell was patrolling the Logansport area of Louisiana in a fully marked Desoto Parish Sheriff's Office patrol vehicle when he conducted a traffic stop at approximately 1930 hours.

11. The stop occurred just off Highway 84 on Bethel Road in DeSoto Parish just outside Logansport, Louisiana.

12. The occupants of the stopped vehicle were David Tondreau, the driver, and Julia Hunt, the passenger.

13. After a 102 minute traffic stop, Procell handcuffed Julia Hunt, told her she was under arrest for a warrant out of Nacogdoches, Texas, advised of her rights per Miranda then placed her in the prisoner area of his patrol vehicle.

14. While Procell was transporting Hunt to the jail, he received a dispatch advising him that Texas would not extradite Hunt.

15. At approximately 2120 hours, with Hunt still handcuffed in the prisoner area of his patrol car, Procell turned off the WatchGuard mobile video system, which records both audio and video from the interior and exterior of the patrol car, and then drove 2.2 mile off Highway 84.

16. At approximately 2125 hours, Procell backed his patrol car into a well site entrance off Charlie Jones Road, removed Hunt from his patrol car and removed her handcuffs.

17. Procell then walked Hunt to the back of his patrol vehicle, where he made her stand bending forward and place her hands on the rear glass window.

18. Procell then got behind Hunt and asked her if she had anything on her, and she told him all she had was some change.

19. While Hunts hands were pressed on the glass, Procell began to pat her down, and in doing so, groped her breasts, buttocks and her genitals.

20. Procell then asked her several times, "How bad do you not want to go to jail?"

21. Procell then had Hunt pull down her blue jean shorts and panties and bend over farther.

22. Procell then attempted to penetrate Hunt vaginally with his penis from behind, but was unable to do so.

23. Procell then turned Hunt around, forced her down on her knees by her shoulders as he stood before her with his exposed penis protruding toward her face.

24. Procell then told Hunt, "You can finish this way;" Hunt understood that Procell wanted oral sex from her and she complied.

25. Procell ejaculated into her mouth and some of his semen fell on her shirt.

26. Procell then had Hunt get back into his patrol car and made her drink a bottle of "Body Armour".

27. Procell then drove Hunt into Logansport and dropped her off at the "Check Out" convenience store.

28. Procell had Hunt call Tondreau to come pick her up, then left in his patrol car.

29. A few minutes later, Procell returned and confronted Hunt about talking to others about what had happened.

30. As a result of being sexually assaulted by Procell, Hunt suffered immediate and severe mental suffering, emotional distress, and humiliation.

## V.     FIRST CAUSE OF ACTION

31. As a result of the above-described conduct, Hunt was deprived of her constitutional rights to be free from unreasonable searches and seizures and to be free from unjust, excessive, and unreasonable use of force, pursuant to the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution, including, but not limited to, the Due Process Clause, 42 U.S.C. §§ 1983, 1988, and Louisiana Constitution, article 1, §§ 2, 20.

32. At all times relevant herein, the defendants acted unreasonably, intentionally, recklessly, and with deliberate indifference and disregard for the constitutional, civil, and statutory rights, and the life and safety, of Hunt.

33. Hunt further alleges that the above-described conduct of the defendants was the proximate cause and the cause in fact of the violation of her constitutional, civil, and statutory rights and her physical, emotional, and mental injuries set forth below.

34. As a result of the defendants' conduct, Hunt suffered injuries, including, but not necessarily limited to, physical pain and suffering, and mental and emotional pain and suffering.

35. As a result of the defendants' above-described conduct, Hunt suffered and continues to suffer from extreme and severe mental pain and suffering and emotional distress.

36. As a result of the defendants' above-described conduct, Hunt suffered cruel, unusual, and excessive use of force and violence.

VI. **SECOND CAUSE OF ACTION**

37. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36 of his compliant.

38. On information and belief, Richardson and the DPSO failed to establish and/or to enforce reasonable policies, procedures, customs, practices, and/or operations, specifically those dealing with the arrest and detention of prisoners and/or establish customs, policies, and practices which directly and proximately caused the deprivation of the civil, constitutional, and statutory rights of Hunt as alleged herein, and the damages and injuries as described. In part, Richardson and DPSO knew or should have known of their officers and specifically Procell's tendency to abuse female prisoners in their custody.

39. These written and unwritten policies, customs, and practices included, among others, inadequate, unreasonable, and improper policies, procedures, customs,

|   |   |
|---|---|
|   | practices, and/or operations, specifically those dealing with the treatment of arrestees and those being detained and/or in custody. |
| 40. | At all relevant times herein, defendants acted unreasonably, intentionally, recklessly, and with deliberate indifference and disregard for the constitutional, civil, and statutory rights, and for the life and safety, of Hunt. |
| 41. | On information and belief, the conduct of Richardson, the DPSO, and DPSO deputies/officials, officers/deputy officers/employees was without just cause, extreme and outrageous, and was in violation of reasonable standards and policies, including detainee's constitutional rights to be free from unlawful, unreasonable, searched and seizures and excessive use of force. |
| 42. | Richardson, the DPSO, and deputies/officials, officers/deputy, officers/employees under their supervision, knew or should have known that their acts were wrongful because of controlling state and federal case law. |
| VII. | **THIRD CAUSE OF ACTION** |
| 43. | The pendant jurisdiction of the Court is invoked for all claims under state law. |
| 44. | Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 36 and 38 through 42 of the complaint. |
| 45. | All individual defendants were acting in the course and scope of their employment with the DPSO, and thus Richardson and the DPSO are vicariously liable for the above-described conduct and for the injuries and damages caused by said conduct. |

46. Richardson and the DPSO are liable jointly, severally, and in solido with the individual deputies/officials, officers/deputy, officers/employees for the wrongs complained of herein by virtue of encouraging, aiding, abetting, counseling, and condoning the commission of the above-described acts and by failure to establish proper policies and the failure to properly screen, train, supervise, and discipline DPSO deputies/officials, officers/deputy, officers/employees.

47. At all times relevant herein, the defendants acted negligently, intentionally, and/or recklessly when they violated the constitutional, civil, and statutory rights of Hunt in the following non-exclusive particulars:

    a. Using excessive, unreasonable and illegal force against Hunt;

    b. Illegally and unconstitutionally searching and seizing Hunt;

    c. Failing to take the necessary precautions to avoid the occurrence of the type of incident that occurred in this case;

    d. Failing to obtain proper training;

    e. Failing to utilize proper training skills;

    f. Acting outrageously and with deliberate indifference to the constitutional, civil, and statutory rights of Hunt;

    g. Intentionally violating and interfering with the constitutional, civil, and statutory rights of Hunt;

    h. Maliciously violating and interfering with the constitutional, civil, and statutory rights of Hunt;

    i.    Negligently violating and interfering with constitutional, civil, and statutory rights of Hunt;

    j.    Intentionally inflicting emotional distress on Hunt;

    k.    Intentionally and maliciously inflicting severe mental, physical, and emotional injuries on Hunt;

    l.    Sexually assaulting and battering Hunt;

    m.    Denying the liberty of Hunt;

    n.    Committing gross negligence;

    o.    Cruelly and inhumanely treating Hunt; and

    p.    Other negligent, grossly negligent, reckless, malicious, and intentional conduct and violations to be shown at trial.

48. Plaintiff further alleges that these actions were the proximate cause and cause in fact of the above- and below-described injuries and damages.

49. As a result of the actions of the defendants as described above, damages have been incurred and are being asserted, in accordance with La. C.C. art. 2315 as follows:

    a.    Past, present and future physical, mental, and emotional pain and suffering, mental anguish, and grief;

    b.    Past, present, and future loss of enjoyment of life;

    c.    Past, present, and future expenses for medical, psychological, and other professional services that may be rendered because of the above-described injuries;

    d.    Past, present, and future depression and anxiety;

    e.    Past, present, and future lost income and earning capacity; and

    f.    Past, present, and future emotional distress, embarrassment, and humiliation;

All in amounts to be proven at the trial herein.

50.    Hunt shows that it may be necessary to employ experts to testify herein and that the expert fees for said experts should be fixed and taxed as costs and defendants be condemned jointly, severally, and in solido to pay same.

51.    Plaintiff requests trial by jury as to all issues set forth herein so triable by a jury.

**WHEREFORE PLAINTIFF, JULIA HUNT, PRAYS** that:

I.    Defendants, DESOTO PARISH SHERIFF, JAYSON RICHARDSON, and DEPUTY CORRECTIONS OFFICER JOSEPH PROCELL, be ordered to pay restitution and other sums in an amount as yet undetermined, for the above-described violations of the constitutional, civil, and statutory rights of plaintiff, JULIA HUNT, or otherwise as necessary to make plaintiff whole by reason of defendants' unlawful acts.

II.    Plaintiff be awarded compensatory damages and punitive damages.

III.    Plaintiff be awarded prejudgment and/or legal interest

IV.    This Honorable Court declare that defendants have deprived plaintiff of her above-described constitutional, civil, and statutory rights.

V. Plaintiff be awarded costs of litigation including expenses, expert witness fees, and reasonable attorney's fees.

VI. Plaintiff be allowed a trial by jury for those matters so triable by a jury.

VII. This Honorable Court grant such other and further relief against defendants and in favor of the plaintiff as may be necessary, proper, and just.

Respectfully submitted

By: /s/ Michael J. Vergis
Michael J. Vergis #24900
1701 Old Minden Road, Ste. 17A
Bossier City, LA 71111
Telephone: (318) 698-3724
Facsimile: (318) 231-2246

**ATTORNEY FOR JULIA HUNT**